## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDAL CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-10931-ADB |

## DEFENDANTS, MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Moving Defendants"), hereby move for entry of an Order dismissing the Amended Verified Complaint filed by Plaintiff, Randal Clark, with prejudice as to Moving Defendants, for failure to state a claim upon which relief may be granted.

The grounds for Moving Defendants' Motion to Dismiss are stated more fully in the accompanying Memorandum of Law, which will be filed contemporaneously and is incorporated by reference as if fully set forth herein.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael P. Trainor*
Michael P. Trainor (BBO #568910)
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
*Attorneys for Moving Defendants*

Dated: October 13, 2022

158411.01466/129650144v.2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDAL CLARK,<br><br>                    Plaintiff,<br><br>          v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., *et al.*,<br><br>                    Defendants. | Case No. 1:22-cv-10931-ADB |

## DEFENDANTS', MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT

## <u>TABLE OF CONTENTS</u>

**Page**

I.   FACTUAL BACKGROUND ...........................................................................................1

    A.   Plaintiff's Account and the Agreement...................................................................1

    B.   Midland Credit Acquires the Account and Sends the Welcome Letter to
        Plaintiff. ...................................................................................................................2

    C.   Procedural History ..................................................................................................2

II.  ARGUMENT .............................................................................................................4

    A.   Legal Standard ........................................................................................................4

    B.   Plaintiff Failed to Set Forth a Short and Plain Statement of His Claim in
        Violation of Rule 8(a)(2). .......................................................................................5

    C.   Plaintiff's FDCPA Claims Must Be Dismissed Because They are
        Insufficiently Pled. .................................................................................................6

    D.   Plaintiff Does Not Sufficiently Identify When The Alleged Wrongdoing
        Occurred And Has, Therefore, Failed to Plead That His FDCPA Claims
        Fall Within the FDPCA's One-Year Statute of Limitations. ..................................9

    E.   Count II of the Amended Complaint Must Be Dismissed as to Moving
        Defendants Because Plaintiff's Chapter 93A Claim is Preempted by
        FCRA and Because He Has Not Offered any Specific Facts in Support of
        His Claim. ..............................................................................................................10

        i.    Plaintiff's Chapter 93A Claim is Preempted by FCRA. ............................10

        ii.   Plaintiff's Chapter 93A Claim is Insufficiently Pled................................11

    F.   Count III of the Amended Complaint Must Be Dismissed as to Moving
        Defendants Because it is Preempted by FCRA and Legally Insufficient. .............13

        i.    Plaintiff's Invasion of Privacy Claim is Preempted by FCRA. .................13

        ii.   Plaintiff's Invasion of Privacy Claim is Insufficient as a Matter of
            Law. ...........................................................................................................14

    G.   Count IV of the Amended Complaint Must Be Dismissed as to Moving
        Defendants Because it is Insufficient as a Matter of Law. ....................................16

        i.    Plaintiff's Claim Under §1681b is Insufficiently Pled. ............................17

        ii.   Plaintiff's Claim Under §1681s-2(b) Must Be Dismissed Because
            He Fails to Allege Sufficient Facts to Trigger a Private Right of
            Action.........................................................................................................18

III. CONCLUSION.......................................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allen v. Lustig, Glaser & Wilson P.C.,
  2016 WL 54192 (D. Mass. Jan. 5, 2016) ..........................................................................7, 17

Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,
  267 F.3d 30 (1st Cir. 2001) ................................................................................................1

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ........................................................................................................4, 7

Aulson v. Blanchard,
  83 F.3d 1 (1st Cir. 1996) ....................................................................................................4

Axford v. TGM Andover Park, LLC,
  2021 WL 681953 (D. Mass. Feb. 22, 2021) .................................................................14, 15

Belanger v. BNY Mellon Asset Management, LLC,
  307 F.R.D. 55 (D. Mass. 2015) ..........................................................................................5

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ...........................................................................................................4

Boetti v. Ogden Suffolk Downs, Inc.,
  587 F. Supp. 1048 (D. Mass. 1984) ....................................................................................5

Bou-Nassif v. Bank of America, N.A.,
  2017 WL 3812052 (D. Mass. Aug. 31, 2017) ...................................................................12

Bryan Corp. v. Chemwerth, Inc.,
  2013 WL 6489785 (D. Mass. Dec. 9, 2013) .....................................................................12

Celester v. Bank of America, N.A.,
  2021 WL 927463 (D. Mass. Mar. 11, 2021) .......................................................................1

Chiang v. Verizon New England Inc.,
  595 F.3d 26 (1st Cir. 2010) ...............................................................................................19

Cunha v. LVNV Funding, LLC,
  2015 WL 5737134 (D. Mass. Sept. 30, 2015) ..................................................................11

Dawe v. Capital One Bank,
  2007 WL 3332810 (D. Mass. Oct. 24, 2007) ..............................................................10, 14

158411.01466/129650144v.2

E.T. ex rel. Doe v. Bureau of Special Educ. Appeals of the Div. of Admin. Law
    Appeals,
    169 F. Supp. 3d 221 (D. Mass. 2016) .......................................................................15

Gibbs v. SLM Corp.,
    336 F. Supp. 2d 1 (D. Mass. 2004) ..................................................................14, 19

Greg Beeche Logistics, LLC v. Skanska USA Building, Inc.,
    2014 WL 4656503 (D. Mass. Aug. 5, 2014) .............................................................5

Harihar v. Jeanne D'Arc Credit Union,
    2021 WL 1617187 (D. Mass. Apr. 26, 2021) ...........................................................9

Hindle v. Toyota Motor Credit Corporation,
    2018 WL 6033484 (D. Mass. Nov. 16, 2018) .........................................................11

Hopkinson v. Equifax Information Services, LLC,
    2021 WL 664040 (D. Mass. Feb. 19, 2021) ...........................................................11

Islam v. Option One Mortgage Corp.,
    432 F. Supp. 2d 181 (D. Mass. 2006) .....................................................................14

Jasty v. Wright Medical Tech., Inc.,
    528 F.3d 28 (1st Cir. 2008).....................................................................................12

Jones v. Bank of New York,
    2013 WL 3728382 (D. Mass. July 12, 2013)......................................................7, 19

Korinko v. Wells Fargo Home Mortgage,
    2020 WL 7022456 (D. Mass. Nov. 30, 2020) .........................................................19

Kuehl v. F.D.I.C.,
    8 F.3d 905 (1st Cir. 1993).........................................................................................5

Lance v. PNC Bank, N.A.,
    2015 WL 5437090 (D. Mass. Sept. 15, 2015) ........................................................11

Leet v. Cellco Partnership,
    480 F. Supp. 2d 422 (D. Mass. 2007) ..........................................................11, 14, 19

Markle v. HSBC Mortg. Corp. (USA),
    844 F. Supp. 2d 175 (D. Mass. 2011) .....................................................................11

Morris v. BAC Home Loans Servicing, LP,
    775 F. Supp. 2d 255 (D. Mass. 2011) ...............................................................11, 12

Muldoon v. Department of Correction,
    2017 WL 506250 (D. Mass. Feb. 7, 2017) .............................................................15

Regal v. Wells Fargo Bank, N.A.,
    205 F. Supp. 3d 195 (D. Mass. 2016) ........................................................................12

Ruiz Rivera v. Pfizer Pharms., LLC,
    521 F.3d 76 (1st Cir. 2008) ........................................................................................4

Sayied v. White,
    89 Fed. Appx. 284 (1st Cir. 2004) ..............................................................................5

Searle v. Convergent Outsourcing, Inc.,
    2014 WL 4471522 (D. Mass. June 12, 2014) ............................................................17

Simard v. LVNV Funding, LLC,
    2011 WL 4543956 (D. Mass. Sept. 28, 2011) .............................................................9

Veal v. Portfolio Recovery, Inc.,
    2015 WL 1609109 (D. Mass. Apr. 9, 2015) ...........................................................7, 17

Washington Legal Foundation v. Massachusetts Bar Foundation,
    993 F.2d 962 (1st Cir. 1993) ........................................................................................4

Youngworth v. Gentile,
    2006 WL 516757 (D. Mass. Feb. 27, 2006) ................................................................6

Zeller v. Samia,
    758 F. Supp. 775 (D. Mass. 1991) ............................................................................18

**Statutes**

15 U.S.C. §1681b ....................................................................................4, 16, 17, 18

15 U.S.C. §1681b(a)(3)(A) ...........................................................................................15, 17

15 U.S.C. §1681p ..........................................................................................................17

15 U.S.C. §1681s-2 .......................................................................................10, 13, 14

15 U.S.C. §1681s-2(a) ................................................................................................18, 19

15 U.S.C. §1681s-2(b) ............................................................................................ *passim*

15 U.S.C. §1681t ...........................................................................................................10

15 U.S.C. §1681t(b)(1)(F) ..........................................................................................10, 13, 14

15 U.S.C. §1692c(a)(1) ..................................................................................................7

15 U.S.C. §1692d ...........................................................................................................8

iv

15 U.S.C. §1692e ......................................................................................................8

15 U.S.C. §1692e(10) ...............................................................................................8

15 U.S.C. §1692f ......................................................................................................8

15 U.S.C. §1692g(a) .................................................................................................9

15 U.S.C. §1692g(b) .................................................................................................9

15 U.S.C. §1692k(d) .................................................................................................9

M.G.L. c. 93A ......................................................................................................3, 10

M.G.L. c. 93A §2 .....................................................................................................11

M.G.L. c. 214 §1B ..............................................................................................14, 15

**Other Authorities**

Fed. R. Civ. P. 8 ......................................................................................................5, 6

Fed. R. Civ. P. 8(a)(2) ..........................................................................................4, 5, 6

Fed. R. Civ. P. 10 ...................................................................................................5, 6

Fed. R. Civ. P. 10(b) ..................................................................................................5

Fed. R. Civ. P. 12(b)(6) .........................................................................................1, 4

158411.01466/129650144v.2

Defendants, Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc. ("Midland Credit"), Encore Capital Group, Inc. ("Encore") (collectively, "Moving Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Memorandum of Law in Support of their Motion to Dismiss the Amended Verified Complaint filed by Plaintiff, Randal Clark ("Plaintiff").

## I.   FACTUAL BACKGROUND

### A.   Plaintiff's Account and the Agreement

On or about November 28, 2018, Plaintiff opened a credit card account with Credit One Bank ("Credit One") that bore an account number ending in 2634 (the "Account").  The terms and conditions of the Account are set forth in the Card Agreement (the "Agreement") that Credit One issued to Plaintiff when the Account was opened.  A copy of the Agreement is attached to the Declaration of Joe Romney (the "Romney Declaration") as **Exhibit A**.[1]

---

[1] Moving Defendants recognize that they have attached documents outside of the Amended Verified Complaint (the "Amended Complaint") to the Romney Declaration, and they respectfully submit that this Court may review these documents without converting the instant motion into one for summary judgment.  In ruling on a motion to dismiss, a trial court may consider documents the authenticity of which are not disputed by the parties, official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  "When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Id.; see also Celester v. Bank of America, N.A., 2021 WL 927463, at *1 (D. Mass. Mar. 11, 2021) (Sorokin, J.) (holding that a letter attached to the defendant's motion to dismiss could be considered because it was authentic and was central to the plaintiff's claim and because the plaintiff made a reference to communicating with the defendant in his complaint).

Each of the documents that are attached to the Romney Declaration are indisputably authentic, form the basis of Plaintiff's claims and/or were referenced by Plaintiff in the Amended Complaint. For example, Plaintiff's claims appear to revolve around alleged improper reporting of the credit regarding the Account.  Thus, the terms of the Account via the Account Agreement form the basis of Plaintiff's purported claims and it is respectfully submitted that the Agreement can be considered at this stage as a result.  Accordingly, this Court may consider all of the documents attached to the Declaration without converting this Motion into a motion for summary judgment.

The Agreement states as follows:

> You accept this Agreement when you use the Account.

<u>See</u> Romney Declaration, Ex. A, p. 2.

Moreover, the Agreement states as follows:

> We may assign any or all of our rights and obligations under this Agreement.  You may not assign any of your rights or obligations under this Agreement.

<u>Id</u>. at p. 8.  As a result, by opening the Account and using his credit card to make purchases, Plaintiff agreed, among other things, that any dispute relating to the Account between him and Credit One and its successors or assigns would be governed by the Agreement.

### B.    Midland Credit Acquires the Account and Sends the Welcome Letter to Plaintiff.

Midland Credit sent Plaintiff a letter dated April 29, 2020 to notify him that Midland Credit purchased the Account from Credit One and that Midland Credit was now the sole owner of the Account (the "Welcome Letter").  A copy of the Welcome Letter is attached hereto to the Romney Declaration as **Exhibit B**.  In the Welcome Letter, Midland Credit also provided Plaintiff with, among other things, the amount of the unpaid debt, a disclosure that he had 30 days to dispute the validity of the debt, and an assurance that it would provide him with certain information if he submitted a timely dispute.  <u>Id</u>. at p. 1-2.

### C.    Procedural History

Plaintiff commenced this action by filing a Complaint against Moving Defendants, Kristina Homoleski ("Homoleski"), John Yellin ("Yellin"), Zwicker & Associates, P.C. ("Zwicker"), Portfolio Recovery Associates ("Portfolio"), and Southwest Credit Systems, L.P. on June 22, 2022 (the "Complaint").  <u>See</u> Dkt. No. 1.  On August 5, 2022, Plaintiff and Zwicker filed a Stipulation of Dismissal With Prejudice whereby Plaintiff dismissed all of his claims against Zwicker with

prejudice.  See Dkt. No. 18.  Plaintiff filed a Motion for Leave to Amend Complaint on September 7, 2022, and this Court granted it on September 13, 2022.  See Dkt. Nos. 21, 23.  On September 14, 2022, Plaintiff filed the Amended Complaint.  See Dkt. No. 24.[2]

In the Amended Complaint, Plaintiff asserts a series of broad and generalized allegations that Moving Defendants reported incorrect information to TransUnion, Experian, and Equifax. Critically, Plaintiff fails to specify which one of the Moving Defendants reported the allegedly incorrect information, does not identify the account(s) that the reported information pertained to, and does not attach a copy of any documents in support of his claims.  In addition, Plaintiff repeatedly asserts identical allegations against Moving Defendants, Portfolio, and Southwest as if they are related entities and engaged in identical courses of conduct even though they have no relationship with one another.  See e.g. Dkt. No. 24 at ¶¶18, 30, 31, 46, 48, 50, 55, 56.

In Count I of the Amended Complaint, Plaintiff asserts a kitchen sink of conclusory Fair Debt Collection Practices Act ("FDCPA") claims against all of the defendants without specifying the facts that give rise to each claim and without identifying whether each claim was asserted within the FDCPA's one-year statute of limitations.  See Dkt. No. 24 at ¶¶37-50.  In Count II, Plaintiff asserts a claim against all of the defendants aside from Yellin pursuant to M.G.L. c. 93A. Id. at ¶¶51-57.  However, Count II must be dismissed as to Moving Defendants because it is both preempted by the Fair Credit Reporting Act ("FCRA") and insufficiently pled.  In Count III, Plaintiff asserts a claim for invasion of privacy against all of the defendants that is also preempted by FCRA and that is insufficient as a matter of law.  Id. at ¶¶58-66.  Finally, in Count IV, Plaintiff alleges that all of the defendants violated numerous sections of FCRA.  Id. at ¶¶67-74.  Plaintiff's

---

[2] After filing the Amended Complaint, Plaintiff and Southwest filed a Stipulation of Dismissal With Prejudice where whereby Plaintiff dismissed all of his claims against Southwest with prejudice.  See Dkt. No. 31.

first FCRA claim against Moving Defendants pursuant to 15 U.S.C. §1681b is ripe for dismissal because any credit pull that one or more of the Moving Defendants completed was made for a permissible purpose and cannot give rise to liability.  In addition, Plaintiff cannot state a claim against Moving Defendants under 15 U.S.C. §1681s-2(b) because he has not pled any information to suggest that he submitted a formal notice of dispute to a credit reporting agency.

As a result, the Amended Complaint fails to state a claim upon which relief can be granted and it must be dismissed with prejudice as to Moving Defendants.

## II.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

It is axiomatic that "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed.R.Civ.P. 8(a)(2).  And although "well pleaded facts" are taken as true, the Court does not accept unsupported conclusions or interpretations of law. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).  Neither does the Court accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996). Furthermore, allegations which are vague and conclusory also fail to state a claim for relief. See Boetti v. Ogden Suffolk Downs, Inc., 587 F. Supp. 1048, 1050 (D. Mass. 1984).

**B.      Plaintiff Failed to Set Forth a Short and Plain Statement of His Claim in Violation of Rule 8(a)(2).**

Pursuant to Fed.R.Civ.P. 8(a)(2), any pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Management, LLC, 307 F.R.D. 55, 57 (D. Mass. 2015). A statement of claim must be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." Greg Beeche Logistics, LLC v. Skanska USA Building, Inc., 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014) (recommending that the plaintiff's amended complaint be stricken pursuant to Rule 8).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Dismissal for noncompliance with Rule 8 is usually reserved for cases where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Sayied v. White, 89 Fed. Appx. 284 (1st Cir. 2004) (affirming the dismissal of the plaintiff's complaint on the grounds that it was so "prolix, redundant, and unintelligible that it would have been unreasonable to expect defendants to frame a response to it"); see also Belanger, 307 F.R.D. at 58 (dismissing plaintiff's "rambling, incoherent" complaint and finding that it was an inappropriate vehicle for aggregating masses of evidence). A complaint can also be dismissed when it violates Fed. R. Civ. P. 10(b)'s mandate that averments be made in numbered paragraphs with the contents of each paragraph

limited as far as practicable to a statement of a single set of circumstances. <u>Youngworth v. Gentile</u>, 2006 WL 516757, at *4 (D. Mass. Feb. 27, 2006) (dismissing complaint pursuant to Rules 8 and 10 because it was in essay form and included paragraphs containing multiple, complex assertions).

In his rambling Amended Complaint, Plaintiff fails to set forth a short and plain statement showing that he is entitled to relief under any of his myriad causes of action.   In particular, throughout the Amended Complaint, Plaintiff repeatedly refers to **<u>all of the defendants</u>** as a whole without identifying which purported violations were committed by one, two, or all of the Moving Defendants – let alone any other defendant.   For example, in paragraph 28, Plaintiff generally alleges that he incurred "a financial obligation" and defines it as the "Debt."  He then alleges that the Debt was purchased, assigned or transferred to Midland Credit, Midland Funding, Portfolio and Southwest and that each of these entities attempted to collect the "Debt."  Dkt. No. 24 at ¶¶30-31.  However, Plaintiff never provides any specific details as to the account constituting the "Debt" and does not state whether the "Debt" is one single account that was assigned among the defendants or whether the "Debt" is comprised of multiple accounts.

Without identifying the actual debt – or debts – at issue and without clarifying how each defendant was involved with any such debt(s), it is not possible to identify what specific alleged wrongdoing is being asserted against Moving Defendants as between themselves or as opposed to any other named defendants.   Because Plaintiff has not pled this basic information, Moving Defendants are left to guess which claims are being asserted against them.   Plaintiff's vague and ambiguous pleading style has placed an unjustified burden on both Moving Defendants and this Court, and, consequently, the Amended Complaint must be dismissed pursuant to Rule 8(a)(2).

**C.** **Plaintiff's FDCPA Claims Must Be Dismissed Because They are Insufficiently Pled.**

"In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object

of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA." Veal v. Portfolio Recovery, Inc., 2015 WL 1609109, at *4 (D. Mass. Apr. 9, 2015).  A plaintiff may not simply enumerate the elements of a cause of action under the FDCPA without any additional factual support, as these allegations are the sort of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that are insufficient to survive a motion to dismiss. Allen v. Lustig, Glaser & Wilson P.C., 2016 WL 54192, at *3 (D. Mass. Jan. 5, 2016) (citing Iqbal, 556 U.S. at 678).  In Allen, this Court dismissed a plaintiff's FDCPA claim because it simply reiterated the elements of an FDCPA cause of action without any additional factual support.  Id.; see also Veal, 2015 WL 1609109, at *4 (dismissing all six of plaintiff's FDCPA claims and finding that he simply recited the operative statutory language without providing any supporting factual allegations); Jones v. Bank of New York, 2013 WL 3728382, at *4 (D. Mass. July 12, 2013) (dismissing plaintiff's FDCPA claim and finding that he offered "very little, beyond conclusory statements and recitations of statutory language, to make out his claims").

As set forth in Section II.B. above, the allegations supporting Plaintiff's myriad of FDCPA claims are vague, conclusory, and unsupported by a single document.  Again, and by way of example, it is unclear what specific wrongdoing is being asserted against Moving Defendants, Yellin, Homoleski, Portfolio, or Southwest.  For instance, Plaintiff alleges that one or more of Moving Defendants, Portfolio, and Southwest committed the following FDCPA violations:

- Contacted him at a place and during a time known to be inconvenient to him in violation of 15 U.S.C. §1692c(a)(1) (see Dkt. No. 24 at ¶40);

- Engaged in harassing, oppressive, or abusive behavior in violation of §1692d (see Dkt. No. 24 at ¶41);

- Used false, deceptive, or misleading representations or means in collecting a debt in violation of §1692e (see Dkt. No. 24 at ¶42);

- Employed false and deceptive means in collecting a debt in violation of §1692e(10) (see Dkt. No. 24 at ¶43); and

- Used unfair and unconscionable means to collect a debt in violation of §1692f (see Dkt. No. 24 at ¶44).

Despite such statements, at no point does Plaintiff allege, for instance, how or when any particular defendant "contacted him at a place and during a time known to be inconvenient." He also fails to provide any specific facts that show the harassing, oppressive or abusive behavior that allegedly occurred. Instead, Plaintiff asserts scattershot allegations directed at both Moving Defendants and four separate parties without identifying the facts that support any such claims. In other words, Plaintiff is using the same broad brush to paint the allegations that he asserts against Moving Defendants with the allegations he asserts against Homoleski, Yellin, Portfolio and Southwest without offering any clarity as to whether more than one account is at issue or what purported wrongdoing was performed by any particular defendant.

In addition, Plaintiff's remaining allegations that one or more of the Moving Defendants violated the FDCPA by reporting credit information must be dismissed because he has failed to identify what debt(s) are at issue. He also fails to provide a single document or piece of specific information to support his allegation that the information that was reported was inaccurate. Without providing the account number, the information that was reported, and the dates in which the information was reported, Moving Defendants cannot sufficiently respond to the allegations

Plaintiff is attempting to assert.   Thus, Plaintiff cannot possibly be permitted to continue prosecuting his array of FDCPA claims against Moving Defendants as currently constituted.

> **D.    Plaintiff Does Not Sufficiently Identify When The Alleged Wrongdoing Occurred And Has, Therefore, Failed to Plead That His FDCPA Claims Fall Within the FDPCA's One-Year Statute of Limitations.**

Because Plaintiff fails to provide a sufficient description regarding the dates or range of dates that the conduct giving rise to Count I occurred, it is not possible to determine when each purported FDCPA violation occurred.   Critically, the FDCPA's one-year statute of limitations period begins to run on the date that an alleged violation occurs. Thus, any claim that ripened more than a year before the Complaint was filed on June 22, 2022 is time-barred pursuant to 15 U.S.C. §1692k(d).   See Harihar v. Jeanne D'Arc Credit Union, 2021 WL 1617187, at *4 (D. Mass. Apr. 26, 2021); Simard v. LVNV Funding, LLC, 2011 WL 4543956, at *3 (D. Mass. Sept. 28, 2011).

For instance, Plaintiff broadly alleges that Moving Defendants, Zwicker, Yellin and Homolseki "did not properly validate the debt." Dkt. No. 24 at ¶22.   However, Plaintiff fails to specify whether he ever requested a validation of debt in accordance with the FDCPA.   In addition, to the extent any such allegations arise from the Welcome Letter, Plaintiff's claims under 15 U.S.C. §1692g(a) and §1692g(b) are time-barred and must be dismissed because the Welcome Letter was sent to him in April 2020.   See Romney Declaration, Exhibit B.

In summary, Plaintiff fails to sufficiently identify the time period in which each purported FDCPA violation occurred and has made it virtually impossible for Moving Defendants to respond to his claims.   In addition, to the extent that one or more of Plaintiff's FDCPA claims arise from actions that occurred before June 22, 2021, they are time-barred pursuant to 15 U.S.C. §1692k(d).

E.   **Count II of the Amended Complaint Must Be Dismissed as to Moving Defendants Because Plaintiff's Chapter 93A Claim is Preempted by FCRA and Because He Has Not Offered any Specific Facts in Support of His Claim.**

     i.   **Plaintiff's Chapter 93A Claim is Preempted by FCRA.**

In Count II, Plaintiff sets forth a series of rambling allegations that each of the defendants violated M.G.L. c. 93A.  See Dkt. No. 24 at ¶¶51-57.  Although it is difficult to decipher the precise nature of Plaintiff's allegations and to determine which of these claims are directed at Moving Defendants, the only thing that appears to be clear in Plaintiff's Amended Complaint is that his allegations are generally premised upon the manner in which his credit information was reported. In the two averments that are seemingly directed at Moving Defendants, Plaintiff alleges that Midland Credit, Midland Funding, and Encore: 1) failed to correct his credit report when it had proof to do so and failed to validate his FDCPA request and 2) acted in concert to erroneously report his credit information and damage his credit score.  See Dkt. No. 24 at ¶¶55-56.

Because Plaintiff's 93A claim pertains solely to one or more of Moving Defendants' credit reporting practices, it is expressly preempted by FCRA and must be dismissed.  FCRA provides in relevant part that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  See 15 U.S.C. §1681t(b)(1)(F).

On several occasions, this Court has applied §1681t and has declared that a Chapter 93A claim premised upon credit reporting practices was expressly preempted by FCRA. See Dawe v. Capital One Bank, 2007 WL 3332810, at *2 (D. Mass. Oct. 24, 2007) (holding that the plaintiff's claim under Chapter 93A was preempted by FCRA because "'Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on [defendant]'s reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681 s–2'")

10

(citing Leet v. Cellco Partnership, 480 F. Supp. 2d 422, 434 (D. Mass. 2007)); Lance v. PNC Bank, N.A., 2015 WL 5437090, at *5 (D. Mass. Sept. 15, 2015) (granting the defendant's motion to dismiss and holding that the plaintiff's Chapter 93A claim was preempted by FCRA because the defendant's allegedly wrongful conduct was "exactly the type of conduct that Congress intended to regulate under the FCRA"); Cunha v. LVNV Funding, LLC, 2015 WL 5737134, at *5 (D. Mass. Sept. 30, 2015) (holding that to the extent that the plaintiff's Chapter 93A claim was "premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is pre-empted by the FCRA"); Hopkinson v. Equifax Information Services, LLC, 2021 WL 664040, at *4 (D. Mass. Feb. 19, 2021) (dismissing the plaintiff's Chapter 93A claim and finding that it was expressly preempted by FCRA because it appeared to be premised on unfair credit reporting, a failure to correct credit information, and/or a failure to investigate a disputed debt); Hindle v. Toyota Motor Credit Corporation, 2018 WL 6033484, at *4 (D. Mass. Nov. 16, 2018) (dismissing plaintiff's Chapter 93A claim on the grounds that it was preempted by FCRA).

Because Plaintiff's Chapter 93A claim is premised solely upon one or more of the Moving Defendants' allegedly wrongful credit reporting practices, it is expressly preempted by FCRA.

### ii.      Plaintiff's Chapter 93A Claim is Insufficiently Pled.

Moreover, even if Count II was not preempted, it remains ripe for dismissal because Plaintiff's allegations nonetheless fail to state a cognizable claim against Moving Defendants.

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. L. c. 93A § 2; see also Morris v. BAC Home Loans Servicing, LP, 775 F. Supp. 2d 255, 258-259 (D. Mass. 2011). To prevail on a Chapter 93A claim, the plaintiff "must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the [plaintiff] suffered a loss of money or property as a result." Markle v. HSBC Mortg. Corp. (USA), 844 F. Supp. 2d 175, 186 (D. Mass. 2011). "What is unfair or deceptive

requires careful analysis" and "Massachusetts courts evaluate unfair and deceptive trade practice claims based on the circumstances of each case."  Regal v. Wells Fargo Bank, N.A., 205 F. Supp. 3d 195, 201 (D. Mass. 2016).

"Although Chapter 93A does not specifically define "unfair" or "deceptive," the Massachusetts courts have applied a three-step analysis to determine whether conduct is unfair under the Act. They consider "(1) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers." Morris, 775 F. Supp. 2d at 262-263; see also Jasty v. Wright Medical Tech., Inc., 528 F.3d 28, 38 (1st Cir. 2008) ("[A] plaintiff's conduct, his knowledge, and what he reasonably should have known may be factors in determining whether an act or practice is unfair").  When a plaintiff fails to provide any specific facts in support of his or her claim and does not identify a single specific instance of wrongdoing, a Chapter 93A claim is ripe for dismissal.  See Bou-Nassif v. Bank of America, N.A., 2017 WL 3812052, at *5 (D. Mass. Aug. 31, 2017) (rejecting the plaintiff's "vague" 93A claim because he did not offer a single specific instance where any of defendant's representatives committed wrongdoing); Bryan Corp. v. Chemwerth, Inc., 2013 WL 6489785, at *4 (D. Mass. Dec. 9, 2013) (dismissing a 93A claim because the defendant's merely asserted a series of conclusory allegations and failed to identify "with any specificity the alleged misrepresentations on which it is relying in support of its 93A claim").

Here, Plaintiff fails to set forth sufficient facts to meet any of the three prongs required to show that Moving Defendants' conduct was unfair or deceptive.  Namely, Plaintiff has not provided any specific facts or documentation to demonstrate that the credit information that one or more of the Moving Defendants reported or requested was erroneous or improper.  For instance,

Plaintiff does not allege that he paid all sums owed in connection with the Account or describe why any specific amounts that Moving Defendants reported were inaccurate. He also provides no facts to suggest that the purported credit reporting or credit pulls were immoral, unethical, oppressive, or unscrupulous. Again, he does not even identify the specific account that forms the basis of the purported claims, let alone assert how any activity by Moving Defendants was immoral or unethical. Thus, Moving Defendants are left to guess that the account at issue, at least as it pertains to them, is the account referenced in the Welcome Letter.

Finally, and without identifying what the Moving Defendants allegedly did wrong, Plaintiff cannot possibly form a causal link between any such action or inaction and his purported damages. Consequently, and without this information, Plaintiff cannot plausibly show that Moving Defendants committed the types of unfair or deceptive actions that are forbidden by Chapter 93A.

F. **Count III of the Amended Complaint Must Be Dismissed as to Moving Defendants Because it is Preempted by FCRA and Legally Insufficient.**

i. **Plaintiff's Invasion of Privacy Claim is Preempted by FCRA.**

In Count III, Plaintiff alleges that each of the defendants intruded upon his right to privacy and harassed him by pulling his credit information and reporting false information to credit reporting agencies. See Dkt. No. 24 at ¶62. Although Plaintiff once again lumps each of the defendants in with one another and makes it nearly impossible for Moving Defendants to adequately respond to the allegations that are directed at them, it appears that Plaintiff's allegations are solely premised upon the manner in which his credit information was reported and retrieved. As such, much like Count II, Count III is expressly preempted by FCRA.

As set forth *supra*, the preemption provision contained in 15 U.S.C. §1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the

13

responsibilities of persons who furnish information to consumer reporting agencies." This section has been called "the absolute immunity provision," which, if applicable, bars any state law claim based on conduct which is governed by §1681s-2. Leet, 480 F. Supp. 2d at 429.

Thus, a common law claim that arises out allegedly unlawful credit reporting practices is preempted by 15 U.S.C. §1681t(b)(1)(F). Id. at 431 (holding that the plaintiff's negligence claim was preempted because it related to the subject matter of §1681s-2 and fell squarely within the plain language of §1681t(b)(1)(F); see also Islam v. Option One Mortgage Corp., 432 F. Supp. 2d 181, 194 (D. Mass. 2006) (holding that the plaintiffs' negligence claims were preempted by §1681t(b)(1)(F) to the extent that they relied upon the defendant's alleged negligence in the reporting of their credit information); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 13 (D. Mass. 2004) (holding that the plaintiff's negligence claim was preempted by §1681t(b)(1)(F)); and Dawe v. Capital One Bank, 2007 WL 3332810, at *3 (holding that the plaintiff's negligence, defamation, and negligent and intentional infliction of severe emotional distress claims were preempted by §1681t(b)(1)(F) because they arose out of the defendant's credit reporting practices).

Because Plaintiff's invasion of privacy claim is based upon the allegedly wrongful actions that one or more of the Moving Defendants took in pulling his credit or reporting information to consumer reporting agencies, such claim is preempted by FCRA and must be dismissed.

### ii.     Plaintiff's Invasion of Privacy Claim is Insufficient as a Matter of Law.

Although Count III appears to be couched as a common law claim, "Massachusetts law has never has never recognized a common-law cause of action for invasion of privacy." Axford v. TGM Andover Park, LLC, 2021 WL 681953, at *13 (D. Mass. Feb. 22, 2021). With that said, the Massachusetts privacy statute (the "Privacy Act"), Mass. Gen. Laws ch. 214 §1B, states that a person shall have a right against unreasonable, substantial, or serious interference with his or her privacy. Id. A theory of intrusion upon seclusion typically involves unwanted surveillance or

other physical invasions, unwanted contact constituting harassment, or other bodily intrusions such as drug testing.  Id.  Critically, not every intrusion will constitute a legally cognizable violation of privacy because the plaintiff must show that the intrusion was "unreasonable, substantial or serious."  Id. at n. 21.

In determining whether a defendant committed an unreasonable intrusion, courts must "balance the extent to which the defendant violated the plaintiff's privacy interests against any legitimate purpose the defendant may have had for the intrusion."  Muldoon v. Department of Correction, 2017 WL 506250, at *8 (D. Mass. Feb. 7, 2017).  The Privacy Act was not intended to prohibit serious or substantial interferences which are reasonable or justified. E.T. ex rel. Doe v. Bureau of Special Educ. Appeals of the Div. of Admin. Law Appeals, 169 F. Supp. 3d 221, 250 (D. Mass. 2016).  "Factors to be considered in assessing whether there has been an intrusion that is unreasonable and substantial or serious, include 'the location of the intrusion, the means used, the frequency and duration of the intrusion, and the underlying purpose behind the intrusion.'" Id.

As an initial matter, Count III must be dismissed because there is no common law cause of action for invasion of privacy. To the extent that this Court provides Plaintiff with the benefit of the doubt and permits him to assert his claim under the Privacy Act, it remains ripe for dismissal because he cannot show that Moving Defendants made a substantial, unreasonable, or serious interference with his privacy.  As set forth more fully below, any credit pulls that Midland Credit completed were directly authorized by 15 U.S.C. §1681b(a)(3)(A) and were for the legitimate purpose of furthering its efforts to collect an outstanding account from Plaintiff.  In addition, Plaintiff cannot plausibly suggest that Moving Defendants committed an unreasonable or serious intrusion upon his right to privacy when it engaged in the routine and industrywide practice of reporting his credit information to credit reporting agencies.

15

As a result, in addition to being preempted, Count III must be dismissed with prejudice as to Moving Defendants because Plaintiff cannot articulate a viable invasion of privacy claim.

### G. Count IV of the Amended Complaint Must Be Dismissed as to Moving Defendants Because it is Insufficient as a Matter of Law.

In Count IV of the Amended Complaint, Plaintiff asserts two independent FCRA claims against Moving Defendants.  The first claim is that "Defendants" violated 15 U.S.C. §1681b because Midland Credit obtained "Plaintiff's credit report without a permissible purpose."  See Dkt. No. 24 at ¶68.  The second claim is based upon allegations that the "Defendants" reported false and inaccurate information to credit reporting agencies.  Id. at ¶¶69-74.

Because Plaintiff lumps Moving Defendants' purported actions in with Portfolio's and Southwest's in certain paragraphs in Count IV, he has made it virtually impossible for Moving Defendants to decipher what specific wrongdoing is being alleged against them.  To the extent that Plaintiff is alleging that Midland Credit violated §1681b by impermissibly obtaining his credit information, this claim fails for two reasons.  First, Plaintiff has failed to identify the exact date(s) on which Midland Credit pulled his credit and failed to offer any specific information in support of this claim.  Second, assuming for the sake of argument that Midland Credit pulled Plaintiff's credit information, it had a permissible purpose for doing so and cannot be liable under §1681b.

With respect to Plaintiff's allegations that Moving Defendants failed to report accurate credit information to the consumer reporting agencies in violation of 15 U.S.C. §1681s-2(b), this claim must be dismissed because he failed to provide any evidence to suggest that he submitted a notice of dispute to one of the credit reporting agencies and that one or more of the agencies forwarded his dispute to Moving Defendants.  As a result, Plaintiff does not have a private cause of action under §1681s-2(b) and his claim must be dismissed.

158411.01466/129650144v.2

### i.        Plaintiff's Claim Under §1681b is Insufficiently Pled.

The lone allegation that Plaintiff offers in support of his §1681b claim is that "MCM, Southwest and Portfolio pulled my credit report over 17 times between June 2020 and March 2022 without a permissible purpose." See Dkt. No. 64 at ¶14.  Critically, Plaintiff fails to provide any specific information regarding the number of credit pulls that were made by each of these independent entities or the dates that each pull occurred and does not enclose copies of any documents supporting this allegation.  In addition, to the extent that any purported pull occurred before June 22, 2020, it is barred by the statute of limitations set forth in 15 U.S.C. §1681p.

Even if Plaintiff can explain what purported credit pulls were improper and how they were improper – which he does not sufficiently allege in his Amended Complaint – Midland Credit was nonetheless permitted to pull Plaintiff's credit in connection with the collection of an outstanding account.  Pursuant to 15 U.S.C. §1681b(a)(3)(A), a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving…review or collection of an account of...the consumer."

Critically, "[t]his Court and others have consistently construed this language to permit a debt collector to obtain a credit report in connection with efforts to collect a debt." Veal, 2015 WL 1609109, at *3 (dismissing plaintiff's §1681b claim and holding that a debt collector had a permissible purpose when it pulled his consumer credit report); see also Allen, 2016 WL 54192, at *2 (dismissing plaintiff's §1681b claim and holding that a debt collector had a permissible purpose when it pulled his consumer credit report while it was attempting to collect debt secured by an unpaid credit card account); Searle v. Convergent Outsourcing, Inc., 2014 WL 4471522, at *4 (D. Mass. June 12, 2014) (rejecting plaintiff's §1681b claim and noting that "[i]t is well established that a debt collection agency has the right to obtain a credit report so long as it is done

in connection with efforts to review or collect an account); <u>Zeller v. Samia</u>, 758 F. Supp. 775, 781 (D. Mass. 1991) (holding that the defendant had a permissible purpose in obtaining the plaintiff's consumer credit report because the report was obtained to further assist him in the collection of the alleged debt owed by the plaintiff).

While Moving Defendants have been left to hazard a guess as to the precise nature of Plaintiff's insufficiently pled §1681b claim because he does not identify the account at issue, what can be reasonably concluded from the insufficiently pled Amended Complaint is that this claim cannot survive the instant motion since Moving Defendants were permitted to pull credit in connection with Midland Credit's collection efforts. As set forth in the Welcome Letter and as Plaintiff referenced several times in the Amended Complaint, Midland Credit allegedly began attempting to collect an outstanding account from Plaintiff once it purchased the Account. Because this Court has consistently held that a debt collector has the right to pull a consumer's credit report in connection with its efforts to collect an outstanding account, Plaintiff's §1681b claim must be dismissed as to Moving Defendants.

  ii.  **Plaintiff's Claim Under §1681s-2(b) Must Be Dismissed Because He Fails to Allege Sufficient Facts to Trigger a Private Right of Action.**

Plaintiff also alleges that Moving Defendants violated 15 U.S.C. §1681s-2(b) by reporting information that it knew to be false and inaccurate to all three credit reporting agencies. <u>See</u> Dkt. No. 24 at ¶70. However, Plaintiff has failed to show that he has a private right of action to assert a §1681s-2(b) claim because he has offered no information to suggest that he submitted a notice of dispute to one of the credit reporting agencies and that one or more of the agencies forwarded his dispute to Moving Defendants. Accordingly, his claim under §1681s-2(b) must be dismissed.

15 U.S.C. §1681s-2(b) imposes two duties upon furnishers of credit reporting information: 1) the duty to provide accurate information pursuant to §1681s-2(a) and 2) the duty to undertake

an investigation upon receipt of a notice of dispute from a consumer reporting agency in accordance with §1681s-2(b).  Leet, 480 F. Supp. 2d at 428.  The enforcement of violations of §1681s-2(a) is limited exclusively to certain state and federal officials, and there is no private right of action under this subsection.  Id.  While a plaintiff may attain a private cause of action for a violation of §1681s-2(b), this cause of action is triggered **only** if the furnisher received a notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed.  Gibbs, 336 F. Supp. 2d at 11.  In other words, although a consumer may dispute credit information directly to a furnisher, the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification.  Chiang v. Verizon New England Inc., 595 F.3d 26, 35 (1st Cir. 2010).

Thus, it is well-settled that a claim asserted under 15 U.S.C. §1681s-2(b) is ripe for dismissal if the plaintiff fails to plead information showing that he or she submitted a notice of dispute to a credit reporting agency and that the agency forwarded the dispute to the furnisher for review and investigation.  See e.g. Gibbs, 336 F. Supp. 2d at 12 (dismissing §1681s-2(b) claim on the grounds that the plaintiff failed to allege that he submitted a notice of dispute to a credit reporting agency); Leet, 480 F. Supp. 2d at 428-29 (dismissing the plaintiff's §1681s-2(b) claim because he did not allege that he submitted a dispute to a credit reporting agency and that the agency forwarded his dispute to the defendant for investigation); Jones, 2013 WL 3728382, at *7 (holding that the plaintiff failed to state a claim under §1681s-2(b) because he did not allege that he contacted a credit reporting agency or that the agency forwarded his dispute to the defendant, thereby triggering its duty to investigate); Korinko v. Wells Fargo Home Mortgage, 2020 WL 7022456, at *6-7 (D. Mass. Nov. 30, 2020) (dismissing the plaintiff's §1681s-2(b) claim on the grounds that he failed to allege sufficient facts to show that he attempted to lodge a dispute with a

credit reporting agency before filing his complaint or that any credit reporting agency ever notified the defendant of a dispute).

Critically, at no point in the Amended Complaint does Plaintiff allege that he submitted a notice of dispute with a credit reporting agency arising out of the information that Moving Defendants reported or that one of the agencies forwarded his dispute to Moving Defendants for investigation. While Plaintiff alleges that Moving Defendants "continuously reported information that it knew to be false and accurate to all three credit reporting agencies, Equifax Experian, and TransUnion in blatant violation of the FCRA 15 U.S.C. §1681s-2(b)," (see Dkt. No. 24 at ¶70), he cannot plead a cause of action under §1681s-2(b) because he has not shown that he submitted a dispute to one of these agencies. Similarly, while Plaintiff alleges that he submitted credit disputes to Moving Defendants, Portfolio, and Southwest (see Dkt. No. 24 at ¶74), he fails to recognize that these types of direct disputes cannot trigger a cause of action under §1681s-2(b).

Therefore, Plaintiff's claim pursuant to 15 U.S.C. §1681s-2(b) must be dismissed with prejudice as to Moving Defendants.

## III.   **CONCLUSION**

For the foregoing reasons, Moving Defendants respectfully request that this Court enter an Order dismissing the Amended Complaint, with prejudice, as to Moving Defendants and grant such other and further relief as may be just and equitable.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael P. Trainor*
Michael P. Trainor (BBO #568910)
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
*Attorneys for Moving Defendants*

Dated: October 13, 2022

20

## <u>CERTIFICATE OF GOOD FAITH</u>

I, Michael Trainor, certify that I have in good faith attempted to confer with Plaintiff to provide him with an opportunity to cure the deficiencies in the Amended Verified Complaint.  In particular, I corresponded with the pro se Plaintiff via electronic mail regarding the basis upon which Moving Defendants intend to proceed with the instant Motion and requesting that Plaintiff amend his Amended Verified Complaint and/or meet and confer regarding the basis for the instant Motion.  Plaintiff indicated that he was not willing to file another amended pleading and was unwilling to speak to me regarding the basis of the instant Motion.

Dated:  October 13, 2022                          */s/Michael Trainor*
                                                          Michael Trainor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of October, 2022, the foregoing document was served upon all counsel of record via the electronic filing system.

*<u>/s/ Michael P. Trainor</u>*
Michael P. Trainor
