UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDALL CLARK,<br><br>   Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C., KRISTINA L. HOMOLESKI, JOHN D. YELLIN, MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC., PORTFOLIO RECOVERY ASSOCIATES, and SOUTHWEST CREDIT SYSTEMS, L.P.,<br><br>   Defendants. | C.A. NO. 1:22-CV-10931-ADB |

**AFFIDAVIT OF AUTHORIZED REPRESENTATIVE OF
PORTFOLIO RECOVERY ASSOCIATES, LLC**

  I, Meryl Dreano, being duly sworn, hereby depose that I am over the age of 18 and that, if called to testify in this matter, I could, based upon my personal knowledge, competently testify as follows:

  1. I am employed by PRA Group, Inc., the parent company of Portfolio Recovery Associates, LLC ("PRA"). In my capacity as Authorized Representative, I am authorized to execute this affidavit on behalf of PRA in this action.

  2. I submit this affidavit in support of PRA's Motion for Summary Judgment.

  3. In my position with PRA, I am familiar with the facts set forth herein, through a review of PRA's records maintained in the ordinary course of business, and records related to the management and handling of accounts, in connection with disputes as well as litigation.

  4. I am also familiar with, and have knowledge of, PRA's records through information I personally learned in my various roles at PRA including the company's systems, records created, received, and/or maintained in connection with its servicing of accounts, and the furnishing of

information to the credit reporting bureaus. I am qualified and authorized to submit this affirmation in support of summary judgment.

5.      PRA's business records are all records made in the ordinary course of regularly conducted business activity (1) at or near the time of the events they purport to describe occurred, by a person with knowledge of the acts and events, or (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs. The contents of this affidavit are believed to be true and correct based upon my personal knowledge and review of PRA's business records. If called as a witness, I could and would testify competently to the matters set forth herein.

6.      I personally reviewed the information and documents related to the accounts for the Plaintiff, Randall Clark ("Clark"), at issue in this action: (i) a Capital One Account ending in -0138 purchased by PRA on or about April 23, 2021; and (ii) a Capital One Account ending in -2962 purchased by PRA on or about June 15, 2021 (collectively, the "Accounts"). PRA purchased both accounts as part of two pools of accounts purchased from Capital One.

7.      The information pertaining to the pools of accounts purchased from Capital One was transferred to PRA in a computerized form through a file containing the information applicable to each purchased account debt (including the Accounts). Shortly after the purchase PRA received twelve (12) months of statements for each account, the sale notification letter and the applicable terms and conditions for each account purchased. These files were also incorporated into, merged with, and maintained as part of PRA's business records. It is PRA's regular practice to keep such records in the ordinary course of its regularly conducted business activity.

**Accounting Ending -0138**

8.      On or about April 23, 2021, PRA purchased the Account Ending in -0138 from Capital One. Attached hereto as **Exhibit 1** is a copy of the redacted Bill of Sale and Sale File

identifying Plaintiff's Capital One Account Ending in -0138 as one of the debts within the pool of accounts purchased by PRA.

9.  Attached hereto as **Exhibit 2** is a letter dated April 20, 2021, from Capital One to the Plaintiff notifying him that this account was acquired by PRA.

10. PRA's business records reflect that Account Ending -0138 was opened on or about June 11, 2019, by the Plaintiff. *See* Exhibit 1.

11. According to PRA's business records, the terms and conditions relevant and applicable to Account Ending -0138 and Plaintiff's usage of credit is attached hereto as **Exhibit 3**.

12. At the time PRA purchased the Account Ending in -0138 in April 2021, there was a balance due of $465.10.

13. On May 1, 2021, PRA sent the Plaintiff an initial notification letter identifying itself as the new owner of this account. A true and accurate copy of this letter is attached hereto as **Exhibit 4**.

14. On or about May 18, 2021, PRA received a verbal request from the Plaintiff to validate this account by the Plaintiff.

15. A response letter was sent on or about May 20, 2021, which included information as to PRA's purchase of Account Ending -0138, as well as copies of (i) a letter dated April 20, 2021, from Capital One informing Plaintiff of the sale and transfer of the account to PRA; (ii) a billing statement from Capital One for the period of January 9, 2020 to February 8, 2020; (iii) a billing statement from Capital One for the period of December 9, 2019 to January 8, 2020. A true and accurate copy of this letter along with its attachments are attached, collectively, hereto as **Exhibit 5**.

16. On or about August 2, 2021, a further debt validation request was received from the Plaintiff concerning this Account. According to PRA's business records, this request was made during a phone call with the Plaintiff.

17. In response, on August 4, 2021, a response letter was sent to the Plaintiff, which again included information as to PRA's purchase of Account Ending -0138, as well as copies of a billing statement from Capital One for the period of January 9, 2020 to February 8, 2020, a billing statement from Capital One for the period of December 9, 2019 to January 8, 2020, and the April 20, 2021, sale letter from Capital One. A true and accurate copy of this letter along with its attachments are attached, collectively, hereto as **Exhibit 6**.

18. After August 4, 2021, no further requests were made by the Plaintiff concerning this account until this action was filed in June 2022.

19. PRA also did not receive any written disputes or debt validation requests in writing from the Plaintiff on Account Ending --0138 from April 2021 through June 2022.

20. As of the date of this affidavit, no payments have been received from Plaintiff towards the outstanding balance owed of $465.10.

**Account Ending -2962**

21. On or about June 17, 2021, PRA purchased the Account Ending in -2962 from Capital One. Attached hereto as **Exhibit 7** is a copy of the redacted Bill of Sale and Sale File identifying Plaintiff's Capital One Account Ending in -2962 as one of the debts within the pool of accounts purchased by PRA.

22. Attached hereto as **Exhibit 8** is a letter dated June 15, 2021, from Capital One to the Plaintiff notifying him that this account was acquired by PRA.

4

23.    PRA's business records reflect that Account Ending -2962 was opened on or about November 13, 2018, by the Plaintiff. *See* Exhibit 7.

24.    According to PRA's business records, the terms and conditions relevant and applicable to Account Ending -2962 and Plaintiff's usage of credit is attached hereto as **Exhibit 9**.

25.    At the time PRA purchased the Account Ending in -2962 in June 2021, there was a balance due of $497.89.

26.    On or about June 25, 2021, PRA sent the Plaintiff an initial notification letter identifying itself as the new owner of this Account. A true and accurate copy of this letter is attached hereto as **Exhibit 10**.

27.    On or about September 14, 2021, PRA received a verbal request to validate this account by the Plaintiff.

28.    A response letter was sent to the Plaintiff on or about September 16, 2021, which included information as to PRA's purchase of the Account Ending -2962, as well as copies of (i) a billing statement from Capital One for the period of April 5, 2020 to May 4, 2020, (ii) a billing statement from Capital One for the period of October 5, 2019, to November 4, 2019; (iii) a billing statement from Capital One for the period of September 5, 2019, to October 4, 2019; and (iv) a letter dated June 15, 2021, from Capital One informing Plaintiff of the sale and transfer of the account to PRA. A true and accurate copy of this letter along with its attachments is attached, collectively, hereto as **Exhibit 11**.

29.    After September 16, 2021, no further requests were made by the Plaintiff concerning this account until this action was filed in June 2022.

30.    PRA also did not receive any written disputes or debt validation requests in writing from the Plaintiff on Account Ending -2962 from June 2021 through June 2022.

31. As of the date of this affidavit, no payments have been received from Plaintiff towards the outstanding balance owed of $497.89.

**Credit Disputes and Credit Reporting on Plaintiff's Accounts**

32. In connection with its purchase of the Accounts, PRA reported the debts owed on Plaintiff's credit report that the Accounts were in "collection".

33. With respect to Account Ending -0138, PRA first reported on the account on July 30, 2021, and last reported on the account on June 20, 2022.

34. With respect to Account Ending -2962, PRA first reported on the account on September 6, 2021, and last reported on the account on June 5, 2022.

35. From April 2021 through the June 2022, PRA did not receive a copy of a dispute by the Plaintiff to any of the three credit reporting agencies that concerning the Accounts.

36. In connection with any collection efforts, PRA generally conducts "soft pulls" or "soft inquiries" of a consumer's credit. "Soft pulls" are simply a review of an individual's credit that does not affect their credit score and are visible only by that consumer. This is different than a "hard pull" or "hard inquiry" that is designed to make more informative decisions and may affect a credit score.

37. As it concerns Plaintiff's Accounts, PRA from 2021 to the present, PRA did not conduct a "hard pull" or "hard inquiry" on either account. PRA's records reflect that some "soft pulls" or "soft inquiries" (which PRA refers to as credit monitoring) were conducted at least as to Account Ending -0138 to get updates as to contact information.

**Phone Calls to the Plaintiff**

38. In connection with its purchase of the Accounts and its efforts to collect the outstanding amounts owed, PRA did place phone calls to the Plaintiff between May 2021 and June

2022. Copies of the call logs for Account Ending -0138 and Account Ending -2962 obtained from PRA's business records are attached hereto as **Exhibits 12** and **13** respectively.

39. PRA has not taken any action on either of these Accounts since this action was filed.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to penalty.

DATED: September 29, 2023

*Meryl Dreano*
_____
Meryl Dreano
Authorized Representative

## **CERTIFICATE OF SERVICE**

      I, Hale Yazicioglu Lake, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on September 29, 2023, including:

Randal Clark
122 Sharon Street, Apt. G01
Medford, MA 02155
rjcconsolidate@gmail.com

                                                    */s/ Hale Yazicioglu Lake*
                                                    Hale Yazicioglu Lake

1053547\314861626.v1